## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ANTHONY DEMETRIUS GARLAND,**
**D.O.C. # L42997,**

      **Plaintiff,**

**vs.**                                                                  **Case No. 4:14cv684-WS/CAS**

**MICHAEL D. CREWS,**

      **Defendant.**

_____/

## AMENDED REPORT AND RECOMMENDATION[1]

      Plaintiff, proceeding pro se, submitted a civil rights complaint, doc. 1, on December 24, 2014.  Plaintiff did not pay the filing fee for this case at the time of case initiation, nor did Plaintiff submit a motion seeking leave to proceed in forma pauperis. A Report and Recommendation was entered, doc. 3, on December 30, 2014, recommending dismissal of this case *sua sponte*.

      On January 5, 2015, Plaintiff filed an amended civil rights complaint, doc. 4, and a motion seeking leave to proceed in forma pauperis, doc. 5.  Plaintiff's motion for in forma pauperis status should be denied for the reasons explained below.

_____

[1] This Amended Report and Recommendation replaces the Report and Recommendation, doc. 3, entered on December 30, 2014.

Judicial notice is taken that Plaintiff is a frequent filer in the federal courts and has had more than three cases dismissed for reasons that the cases were either frivolous, malicious, failed to state a claim upon which relief could be granted, or sought monetary damages from a defendant who is immune from such relief.  Plaintiff is a "three striker" and has had numerous cases dismissed by this Court because Plaintiff is barred from proceeding with a civil rights complaint unless he pays the filing fee at the time of case initiation or presents allegations that he is under imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).  Case numbers 4:08cv580-RS/WCS, 4:09cv358-SPM/WCS, 4:10cv67-SPM/WCS, 4:11cv256-SPM/WCS, 4:11cv235-RH/WCS, 4:13cv14-WS/CAS, 4:13cv33-RH/CAS, and 4:14cv66-RH/GRJ were all dismissed in this Court as barred by 28 U.S.C. § 1915(g).  Plaintiff knows full well he must pay the filing fee at the time of case initiation because he is not entitled to proceed with in forma pauperis status.

Plaintiff also knows that he must list all of his prior cases on the complaint form. Judicial notice has been taken of Plaintiff's prior cases because Plaintiff has not provided the Court with a complete listing of his prior litigation.  Due to the number of recent case filings in 2013 and 2013, it is clear that Plaintiff has attempted to deceive this Court by failing to honestly disclose all cases initiated.  Plaintiff has not disclosed that he has accumulated more than three "strikes" under 28 U.S.C. § 1915(e) as Plaintiff listed only one case, case number 4:10cv67-SPM/WCS, which was dismissed for failure to state a claim.  Doc. 4 at 6.  Indeed, Plaintiff has previously attempted to

proceed in this Court by failing to honestly disclose all his prior cases[2] and § 1915(e)(2) dismissals.  *See* case number 4:09cv358-SPM/WCS and case number 4:13cv33-RH/CAS,  Plaintiff has attempted the same tactic in this case.  Plaintiff is not excused from listing his cases by declaring:  "I do have alot [sic] other case I filed in the Federal Courts that I do not remember all information of."  Doc. 4 at 7.

Plaintiff's amended complaint alleges that his sentence has not been correctly calculated.  Doc. 4.  Plaintiff contends that he has already served 85 percent of his sentence and should have been released from prison.  *Id.* at 7.  Plaintiff was advised by the Department of Corrections that although he has passed the 85 percent mark, he has not earned enough gain time for release.  His current tentative release date is not until March 22, 2015.  *Id.* at 8.  Plaintiff contends the Department is wrong and he is unlawfully held in custody.  *Id.*  Plaintiff seeks monetary damages for each day he has served beyond his lawful release date.  *Id.* at 10.

Plaintiff does allege that he is in imminent danger of serious physical injury from the Defendant.  Indeed, Plaintiff could not do so considering the fact that Defendant Crews is no longer the Secretary for the Department of Corrections and, moreover, is not physically located with Plaintiff at Gulf Correctional Institution.

Because Plaintiff's claims do not bring Plaintiff within the "imminent danger" exception, this case should be dismissed under 28 U.S.C. § 1915(g).  Plaintiff may re-initiate this case if he submits the $400.00 filing fee at the time of case initiation.  Should

---

[2] In this Court alone, Plaintiff also initiated the following cases in addition to the one case Plaintiff disclosed: 3:08cv261-RV/EMT, 3:12cv458-LC/CJK, 3:12cv565-RV/EMT, 4:08cv580-RS/WCS, 4:10cv67-SPM/WCS, 4:11cv235-RH/WCS, 4:11cv256-SPM/WCS, 4:12cv34-WS/WCS, 4:13cv14-WS/CAS, 4:13cv33-RH/CAS, 4:14cv03-RH/CAS, and 4:14cv66-RH/GRJ.

Plaintiff do so, he must disclose all prior cases he has filed and he must honestly list the cases which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** as Plaintiff is not entitled to in forma pauperis status under 28 U.S.C. § 1915(g), that Plaintiff's motion for in forma pauperis status, doc. 5, be **DENIED**, and the Clerk be directed to note on the docket that this case was dismissed under 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 7, 2015.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PLAINTIFF

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this Report and Recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**